UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JACQUELYN SCHREIER,

                Plaintiff,

                              **REPORT AND RECOMMENDATION**
                                  **2:19 CV 4867 (WFK)(LB)**

  – against –

PROFESSIONAL CLAIMS BUREAU, INC.,

                Defendant.
-----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiff moves for an award of attorney's fees and costs in the total amount of $9,735.00. See Pl.'s Mot. Att'y Fees, Costs & Disbursements, ECF No. 10 [hereinafter "Pl.'s Mot."]; Pl.'s Reply Supp. Mot. Att'y Fees & Costs 9, ECF No. 15 [hereinafter "Pl.'s Reply"]. On May 14, 2020, plaintiff's motion was referred to me for a Report & Recommendation by the Honorable William F. Kuntz, II. Ct. Order, ECF No. 16. For the following reasons, it is respectfully recommended that plaintiff's motion for attorney's fees and costs should be granted in part and denied in part: plaintiff should be awarded a total of $3,805, inclusive of $3,500 in attorney's fees and $305.00 in costs.

## BACKGROUND

       On August 15, 2019, plaintiff Jacquelyn Schreier commenced this Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") action in Nassau County Supreme Court, seeking statutory and actual damages. See Compl., ECF No. 1-1. Plaintiff's complaint alleges that defendant Professional Claims Bureau, Inc. sought to collect a debt on a medical bill that had already been paid. Compl. ¶¶ 6-12. Defendant removed this case to this Court on August 26, 2019, invoking federal question jurisdiction. Notice of Removal § II, ECF No. 1.

1

The Court held the initial conference in this action on October 10, 2019, and held a series of conferences thereafter in an effort to facilitate the parties' settlement discussions. See Electronic Order 10/10/2019; Electronic Order 11/07/2019; Electronic Order 12/23/2019; Electronic Order 1/29/2020. On February 11, 2020, plaintiff filed her acceptance of defendant's Rule 68 offer of judgment, and judgment was entered in plaintiff's favor "in the amount of $1,500.00, plus costs accrued to this date and attorney fees in an amount to be decided by the Court." J., ECF No. 9.

On March 6, 2020, plaintiff filed the instant motion, originally seeking fees in the amount of $6,755.00 and $305.00 in costs. Pl.'s Mot. 1. Of the total hours worked, approximately 12 hours are attributed to lead counsel, Daniel Zemel ("Zemel"), at a rate of $350 per hour, and approximately 6 hours are attributed to co-counsel, Elizabeth Apostola ("Apostola"), at a rate of $400 per hour. See Pl.'s Aff. Time & Expense 1-4, ECF No. 10-4; Pl.'s Mem. Supp. Mot. Att'y Fees & Costs 6, ECF No. 10-1 [hereinafter "Pl.'s Br."]. Defendant's opposition to the motion concedes that plaintiff's counsel is entitled to a fee award and does not object to plaintiff's request for costs or plaintiff's Lodestar method of calculating the legal fee. Def. Mem. Opp'n 2, 5, ECF No. 13 [hereinafter "Def.'s Opp'n"]. However, defendant objects to 1) the proposed hourly rate for Zemel; 2) the total number of hours expended by Zemel; and 3) recovery for the hours expended by Apostola. Def.'s Opp'n 2. Accordingly, defendant argues that plaintiff should be awarded $305.00 in costs and only $2,162.00 in fees, at a rate of $230.00 per hour for 9.4 hours of work performed by Zemel. Def.'s Opp'n 5. Plaintiff filed a reply on April 28, 2020, in further support of the initial fee request and seeks additional fees ($2,675.00) for the time collectively spent by Zemel and Apostola (7.5 hours) to prepare the reply. See Pl.'s Reply 9. In total, plaintiff's counsel seeks $9,735.00 in fees and costs. Pl.'s Reply 9.

**DISCUSSION**

The prevailing party in a FDCPA action may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Courts in this Circuit award attorney's fees by calculating the "presumptively reasonable fee." See Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). Courts calculate the presumptively reasonable fee by determining a number of hours reasonably expended and a reasonable hourly rate, and then multiplying these two figures. See Lilly v. City of New York, 934 F.3d 222, 229–30, n.36 (2d Cir. 2019); see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 186 (2d Cir. 2008) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.")). While the Court should consider various factors, see Arbor Hill, 522 F.3d at 184, 190, the presumptively reasonable fee ultimately "boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" Simmons, 575 F.3d at 174 (citation omitted). The party seeking fees carries the burden of showing that the number of hours expended and the proposed hourly rate are reasonable. Lilly, 934 F.3d at 229 (citation omitted); Eades v. Kennedy, PC. Law Offices, 343 F. Supp. 3d 104, 106–07 (W.D.N.Y. 2018) (citations omitted). To meet this burden, the moving party is required to submit contemporaneous billing records, which note the date, the hours expended, and the nature of the work performed, for each attorney who worked on the case. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). The district court has broad discretion to determine the reasonableness of the hours expended and the hourly rate. Eades, 343 F. Supp. 3d at 106–07 (citing Hensley, 461 U.S. at 433 and Arbor Hill, 522 F.3d at 190); Lilly,

3

934 F.3d at 234 (explaining that district courts have "broad discretion in awarding attorneys' fees because they are much closer to the details of each individual case and can better determine what is reasonable and appropriate in the fee calculus for the particular case.").

### I. Hours Reasonably Expended

District courts should award fees only for hours that are "reasonably expended" and not credit hours that are "excessive, redundant, or otherwise unnecessary[.]" Hernandez v. Berlin Newington Assocs., LLC, 699 F. App'x 96, 97 (2d Cir. 2017) (summary order) (citing Kirsch v. Fleet St., Ltd., 148 F.3d 149, 172–73 (2d Cir. 1998) quoting Hensley, 461 U.S. at 434). When determining whether the hours were reasonably expended, "[t]he critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" Hallmark v. Cohen & Slamowitz, LLP, 378 F. Supp. 3d 222, 230 (W.D.N.Y. 2019) (citing Reiter v. Metro. Transp. Auth. of State of N.Y., No. 01 Civ. 2762 (GWG), 2007 WL 2775144, at *9 (S.D.N.Y. Sept. 25, 2007) quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992)). "[I]n reviewing a fee application, 'trial courts need not, and indeed should not, become green-eyeshade accountants,' and 'may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.'" Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC, 373 F. Supp. 3d 398, 407 (E.D.N.Y. 2019) (quoting Fox v. Vice, 563 U.S. 826, 838 (2011)). Rather than scrutinizing every single time entry, the Court may make an across-the-board reduction. Eades, 343 F. Supp. 3d at 107 (citing Kirsch, 148 F.3d at 173); see also Pasini v. Godiva Chocolatier, Inc., 764 F. App'x 94, 95 (2d Cir. 2019) (summary order) (quoting Marion S. Mishkin Law Office v. Lopalo, 767 F.3d 144, 150 (2d Cir. 2014)) ("We have further noted with approval that 'district courts in our Circuit regularly employ percentage reductions as an efficient means of reducing excessive fee applications.'").

4

Defendant argues that the hours billed by Apostola "should be completely disallowed" as excessive and duplicative. Def.'s Opp'n 4. In addition, defendant argues that plaintiff's request should be denied in part because 1) the hours spent on the fee motion were unnecessary "as plaintiff's counsel never made a demand for attorney fees on the defendant and never indicated his hours before submitting the instant motion," and 2) that the 1.2 hours spent on preparing subpoenas were unnecessary since the work was performed after plaintiff's counsel had received defendant's Rule 68 offer, which was subsequently accepted. Def.'s Opp'n 5.

Much of Apostola's work was indeed duplicative, and the award for her hours should be reduced. With the exception of the four (4) hours spent drafting the initial fee application, the descriptions for the work Apostola performed are identical to the descriptions for the time spent by Zemel on the same tasks. See, e.g., Pl.'s Aff. Time & Expense 4 (including identical entries on February 20, 2020, for "Review Order of Judgment; sent to client [ECF 9]," and charging $80.00 for Apostola and $70.00 for Zemel). The identical billing descriptions reveal that, with the exception of the time spent on the fee petition, Apostola's work reviewing correspondence and orders in this case was entirely redundant and plaintiff's request for attorney's fees for those hours should be denied. Indeed, a reasonable, paying client would not be willing to pay a second senior attorney to merely review Court filings and correspondence, and plaintiff fails to show how Apostola actually contributed to the litigation outside the fee application. See Pl.'s Reply 4-6; cf. Beastie Boys v. Monster Energy Co., 112 F. Supp. 3d 31, 50–53 (S.D.N.Y. 2015) (examining over-staffing by partner-level attorneys).

Some of Apostola's time spent on the fee application, however, should be credited. See De La Paz v. Rubin & Rothman, LLC, No. 11 Civ. 9625 (ER), 2013 WL 6184425, at *7 (S.D.N.Y. Nov. 25, 2013) (citing Soler v. G & U, Inc., 801 F. Supp. 1056, 1064 (S.D.N.Y.1992)) ("[I]t is

5

well-settled law in this Circuit that reasonable time spent on an attorney's fee application is compensable[.]"). Notably, defendant does not argue that counsel's work on the fee application is precluded by the terms of the Rule 68 offer.[1]  Indeed, defendant's Rule 68 offer does not cut off plaintiff's fees at the time of offer or acceptance and contemplates a fee application to the Court.[2] Although defendant's argument that plaintiff's counsel should have served a demand before moving for fees is reasonable, it is not persuasive. Such an approach strikes the Court as a best practice that would conserve the resources of the parties and the Court; however, the Rule 68 offer did not require this and defendant cites no authority for denying fees on this basis.[3]

Plaintiff's counsel seeks fees for 5.5 hours of time spent on the initial fee application, including 4 hours spent by Apostola drafting the motion and 1.5 hours spent by Zemel reviewing and finalizing the motion. Pl.'s Aff. Time & Expense 4. Plaintiff's counsel seeks fees for 7.5

---

[1] "Like a typical settlement agreement, an accepted Rule 68 offer of judgment is a contract, and it must be interpreted according to ordinary contract principles." Lilly, 934 F.3d at 235.  Although "when a settlement cuts off a plaintiff's entitlement to attorney's fees on a specific date, a district court may not award a party attorney's fees for work incurred after that cut-off date," id. at 237, "ambiguities in the language of a Rule 68 offer of judgment are to be 'construed against the party making the offer,'" id. at 236.  See also Thomas v. City of New York, No. 14 CV 7513 (ENV)(VMS), 2017 WL 6033532, at *9 (E.D.N.Y. Dec. 1, 2017) (citation omitted) ("[A] waiver or limitation on attorney's fees in the Rule 68 offer must be clear and unambiguous.").

[2] The Rule 68 offer in this case states that defendant "offers to allow judgment to be taken against it by plaintiff for $1,500.00, plus costs accrued to this date and attorney fees in an amount to be decided by the Court. The attorney fee application is to be made within 45 days of acceptance of this Offer of Judgment." Offer J., ECF No. 8-1. Cf. James v. City of New York, No. 15 CV 3657 (ERK)(PK), 2017 WL 2414627, at *1 (E.D.N.Y. June 2, 2017) (citing to Guerrero v. Cummings, 70 F.3d 1111, 1113–14 (9th Cir. 1995) discussing Holland v. Roeser, 37 F.3d 501 (9th Cir.1994) where similar offer language did not preclude post-acceptance fees).

[3] Moreover, plaintiff's acceptance of the Rule 68 Offer on February 11, 2020, left no doubt as to plaintiff's intent to file a fee motion. See Notice Acceptance Def.'s Offer J., ECF No. 8 ("Plaintiff will file a motion for attorney's fees and costs pursuant to 15 USCS § 1692k in accordance with Defendant's Offer of Judgment."). If defendant contemplated negotiating the fees and obviating the need for a motion, defendant should have contacted plaintiff's counsel promptly after receiving the notice of acceptance. Defendant's counsel could have initiated the discussion and requested plaintiff's demand for fees. If defendant had made a good faith effort to resolve the fee issue and plaintiff did not accept a reasonable offer, the Court may have ruled differently on plaintiff's request for fees on fees. See also John v. Demaio, No. 15 CV 6094 (NGG)(CLP), 2016 WL 7410656, at *4 (E.D.N.Y. Dec. 22, 2016) ("[I]f Defendants truly believed that negotiation would have produced swifter resolution than litigation, they could have responded to Plaintiffs' Fee Motion by sending Plaintiffs a proposal rather than by filing a brief in opposition.").

hours of time spent on their fee application reply, including 6.5 hours spent by Zemel and 1 hour spent by Apostola. Pl.'s Reply 9. Yet, the time spent collectively drafting and then reviewing the initial motion is excessive in light of the routine nature of the motion.[4] Cf. Tjartjalis v. Bureau, No. 14 CV 1412 (LDW), 2016 WL 4223493, at *3 (E.D.N.Y. Aug. 9, 2016) (reducing compensable hours from 14.8 to 4.0 hours for time spent preparing the fee application and reply in a FDCPA action); Stevens v. EOS CCA, No. 16 CV 01076 (MAD)(ATB), 2017 WL 1423242, at *5 (N.D.N.Y. Apr. 21, 2017) (awarding reduced fees for time spent on a fee motion in a FDCPA action and noting that two (2) hours "is a reasonable amount of time to have spent on a simple attorney's fees application . . ."); In re Arbration Between Okyere & Houslanger & Assocs., PLLC, No. 12 Civ. 1463 (JPO)(GWG), 2015 WL 4366865, at *24 (S.D.N.Y. May 28, 2015) (citing Murray v. Mills, 354 F.Supp.2d 231, 241 (E.D.N.Y.2005)) (observing that awards for fees on fees range from five to fifteen hours in "routine cases"). Moreover, the time spent on plaintiff's reply was noted summarily in counsel's declarations but is not supported by contemporaneous time records.[5]

---

[4] Counsel acknowledges that the motion was not written from scratch, see Pl.'s Reply 8, and indeed the notice of motion, memorandum of law, declarations, and proposed order could have been adapted easily from one of the "hundreds of consumer cases" that Zemel has litigated, id. 2.

[5] Apostola Suppl. Decl. ¶ 2, ECF No. 15-6 ("I spent an additional 1.0 hour working on this reply brief to Defendant's opposition."); Zemel Suppl. Decl. ¶ 5, ECF No. 15-1 ("I spent an additional 6.5 hours in researching and drafting the reply brief and supporting paper work to Defendant's opposition."). These declarations are not contemporaneous time records: they do not note the date, the hours expended, and the nature of the work performed for each attorney. Moreover, Apostola's description is utterly vague and Zemel's description is block-billed. While "block-billing—the grouping of multiple tasks into a single billing entry—is not per se unreasonable," Hines v. City of Albany, 613 F. App'x 52, 55 (2d Cir. 2015) (summary order) (citing Merck Eprova AG v. Gnosis S.p.A., 760 F.3d 247, 266 (2d Cir.2014)), it is tolerated provided that "the records allow the court to conduct a meaningful review of the hours requested," Restivo v. Hessemann, 846 F.3d 547, 591 (2d Cir. 2017) (citation omitted). While the Court was able to excuse and evaluate the instances of block-billed entries in the annexed time sheet based on the nature of the tasks and the corresponding time incurred, counsel's declaration does not permit the Court to conduct a meaningful review of whether the time spent on the reply was reasonable. Cf. Beastie Boys, 112 F. Supp. 3d at 53 (collecting cases) ("[B]lock billing is most problematic where large amounts of time (*e.g.,* five hours or more) are block billed; in such circumstances, the limited transparency afforded by block billing meaningfully clouds a reviewer's ability to determine the projects on which significant legal hours were

Finally, the Court credits the time spent by Zemel preparing subpoenas pursuant to the Court's Order while plaintiff was considering whether to accept the Rule 68 offer. See Pl.'s Reply 7; Electronic Order 1/29/2020. Given that plaintiff ultimately accepted defendant's offer, preparation of the subpoenas in the event that plaintiff did not accept was perhaps a poor use of time in hindsight, but counsel is held to the standard of whether a reasonable attorney would have expended their time similarly *at the time the work was performed*. See Hallmark, 378 F. Supp. 3d at 230. In light of the discussion at the January 28, 2020, conference, and without knowing what was discussed with his client, I do not find that Zemel's decision to prepare the subpoenas was outside the range of reasonable professional judgment. Indeed, the third-party subpoenas sought information that was critical to proving plaintiff's claim.

Based on the foregoing, I recommend awarding fees for 14 hours of work, 3.5 hours for Apostola and 10.5 hours for Zemel, which takes into account reductions for duplicative work, excessive time spent on the fee application, and the lack of contemporaneous billing records for the time spent on the reply, but credits the remaining hours, including the time spent on preparing the subpoenas.[6]

---

spent."). If plaintiff's counsel had contemporaneous time records for their work, they should have submitted them or incorporated them into their declarations. Accordingly, plaintiff should not be granted leave to supplement the record as to the hours spent on the reply. Counsel should learn from this mistake.

[6] An award of 14 hours reflects approximately a twenty-five (25) percent reduction from the initial fee request. Plaintiff's counsel provide only approximate numbers for counsel's total work in their brief and do not provide an hour tally in the affidavit table. See Pl.'s Br. 6 ("Zemel accumulated over twelve hours of work, while Ms. Apostola spent over six hours working on this matter."); Pl.'s Aff. Time & Expense 1, 4 (indicating total dollar amount but not total hours). Moreover, the lodestar stated in the brief, see Pl.'s Br. 6 ($7,060.00), conflicts with the lodestar in the affidavit table ($6,755.00), see Pl.'s Aff. Time & Expense 1, 4. The Court relies on the numbers in the table to determine the hours worked.

## II. Reasonable Hourly Rate

To determine the reasonable hourly rate, courts in this Circuit apply "the forum rule" and refer to the prevailing hourly rates charged in this district "for similar services by lawyers of reasonably comparable skill, experience, and reputation." Restivo v. Hessemann, 846 F.3d 547, 590 (2d Cir. 2017) (citations omitted). In the Eastern District of New York, the prevailing rates are generally "$300-$450 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates." Rudler v. Houslanger & Assocs., PLLC, No. 18 CV 7068 (SJF)(AYS), 2020 WL 473619, at *4 (E.D.N.Y. Jan. 29, 2020) (citation omitted) (collecting cases). In determining the reasonable hourly rate, the Court takes into account "case-specific variables" and may consider the Johnson factors, which are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Lilly, 934 F.3d at 227–33. See also Arbor Hill, 522 F.3d at 186–87 n.3 (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir.1974)); Marshall v. Reisman, No. 11 CV 5764 (ARR)(VVP), 2013 WL 1563335, at *2 (E.D.N.Y. Mar. 25, 2013), report and recommendation adopted, 2013 WL 1561478 (E.D.N.Y. Apr. 12, 2013) ("Hourly rates awarded in the Eastern District of New York are typically based on years of experience . . . They also vary based on consideration of [] factors described above, including the type of case, the degree of success obtained, and the complexity of the issues."). District courts have "considerable discretion" to consider these factors in deciding the reasonable hourly rate for a given case. Lilly, 934 F.3d at 232.

### a. Reasonable Hourly Rate for Zemel

Plaintiff seeks a fee award based on a rate of $350.00 per hour for attorney Daniel Zemel. Pl.'s Reply 2; Pl.'s Br. 10.  Zemel, who is lead counsel on this case, has been in practice since 2014, has worked in consumer law for five years, has served as the principal and owner of Zemel Law LLC since 2016, and has "handled hundreds of FDCPA cases[.]"  Pl.'s Br. 9.  Defendant argues that Zemel's proposed hourly rate is too high and Zemel's hourly rate should instead be set at $230.00 per hour. Def.'s Opp'n 2–3.  In response, plaintiff argues that Zemel's years of relevant experience merit rates higher than $230.00 per hour, noting both that Zemel gained additional years of experience since being awarded hourly rates of $175 and $225 and that Zemel has been awarded higher rates by other courts—outside this district.  Pl.'s Reply 3–4.  In addition to pointing to Zemel's accomplishments and "extensive experience," plaintiff suggests that, as the sole owner of a firm with three associate attorneys, he is equivalent to a partner, and therefore his rate should not be reduced any lower than $300.00 per hour. Pl.'s Reply 4.[7]  In light of Zemel's years of relevant experience and upon consideration of the relevant factors, I recommend that Zemel's fees be awarded at a rate of $250.00 per hour. Cf. Rudler, 2020 WL 473619, at *5 ("[D]espite wearing the mantle of 'partner,' [counsel] does not have the commensurate experience warranting the

---

[7] Counsel's argument based on the award in D'Annunzio is unclear. See Pl.'s Reply 4; D'Annunzio v. Ayken, Inc., No. 11 CV 3303 (WFK)(WDW), 2015 WL 5308094 (E.D.N.Y. Sept. 10, 2015). Counsel states that "[w]ere the court inclined to reduce Mr. Zemel's hourly rate, the rate should not be less than $300.  Mr. Zemel is certainly at least as experienced as senior associates, which have been granted $300 in D'Annunzio." Pl.'s Reply 4.  The senior associate in D'Annunzio, Mr. Sinha, had over 14 years of litigation experience. See D'Annunzio, 2015 WL 5308094, at *4–5. In contrast, Zemel reports that he has 5 years of relevant experience and has been practicing since only 2014. Pl.'s Br. 9. Cf. LG Funding, LLC v. Fla. Tilt, Inc., No. 15 CV 631 (PKC)(VMS), 2015 WL 5038195, at *3 (E.D.N.Y. Aug. 26, 2015) (concluding that plaintiff's requested rate was excessive in light of counsel's limited 5 years of experience and noting that in the Eastern District, "more experienced attorneys, typically partners with upwards of ten years' experience, are approved for rates of $300 per hour and above.").

10

award of an hourly fee that courts in this District deem appropriate for partners, *i.e.*, attorneys with significantly more relevant experience[.]").

### b. Reasonable Hourly Rate for Apostola[8]

Plaintiff seeks a fee award based on a rate of $400.00 per hour for attorney Elizabeth Apostola. Pl.'s Br. 11; Pl.'s Reply 9. Although Apostola describes herself as a "senior partner" at the firm and has been practicing law for approximately 13 years, she appears only to have begun practicing consumer law in the last three years. See Pl.'s Br. 11 ("Prior to her work at Zemel Law LLC, Mrs. Apostola's practice focused extensively in the areas of complex civil litigation and personal injury defense."); Apostola Decl. ¶ 4, ECF No. 10-3 ("I have been practicing law for approximately 13 years with experience in complex civil litigation and personal injury defense litigation, as well as FDCPA and FCRA litigation for the last three years."). In light of Apostola's more limited experience practicing consumer law over the course of her legal career and upon consideration of the relevant factors, I recommend that Apostola's fees be awarded at a rate of $250.00 per hour, as well. Cf. Datiz v. Int'l Recovery Assocs., No. 15 CV 3549 (DRH)(AKT), 2020 WL 3790348, at *4 (E.D.N.Y. July 7, 2020) (adopting recommended rate of $240 per hour where counsel had been practicing law for over ten years but only recently focused his practice on consumer law); see also Pl.'s Reply 3 n.2.[9]

I am unpersuaded by plaintiff's arguments in support of an upward departure from the prevailing rates for attorneys of comparable experience. Plaintiff acknowledges that "[t]his case did not present particularly novel issues." Pl.'s Br. 7. Rather, the case resolved in just over six

---

[8] Defendant's counsel did not comment on the proposed rate for Apostola.

[9] At the very least, Apostola should not be awarded fees at a rate that is higher than Zemel's for her ancillary work on the fee petition. Cf. Barile v. Allied Interstate, Inc., No. 12 Civ. 916 (LAP)(DF), 2013 WL 795649, at *14–15 (S.D.N.Y. Jan. 30, 2013), report and recommendation adopted, 2013 WL 829189 (S.D.N.Y. Mar. 4, 2013) (reducing billing rate for work on a fee application that "could have been handled by a lower-billing lawyer").

11

months after the parties engaged in informal discovery and plaintiff accepted a Rule 68 Offer for $1,500.  Id. 6-7.  Having presided over various conferences in this matter, I do not perceive that any special skill, ability, or effort was needed by plaintiff's counsel to resolve this case or prepare the fee petition. I find that the proposed rates of $350.00 and $400.00 are excessive in light of the straightforward nature and resolution of the case. Cf. Rudler, 2020 WL 473619, at *6 (setting hourly rates of $200.00 and $215.00 where counsel had limited relevant experience and the case was not complex and resolved quickly after an offer of judgment); Dembitzer v. Weinberg Mediation Grp. LLC, No. 17 CV 1734 (ENV)(SJB), 2018 WL 4088077, at *6–7 (E.D.N.Y. Aug. 3, 2018), report and recommendation adopted, 2018 WL 4087921 (E.D.N.Y. Aug. 27, 2018) (reducing proposed rate from $350 to $250).

### III.  COSTS

"[A] court will generally award 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" Dagostino v. Computer Credit, Inc., 238 F. Supp. 3d 404, 419 (E.D.N.Y. 2017) (citations omitted).  The moving party has the burden of "adequately documenting and itemizing the costs requested." Id.  Here, plaintiff seeks $305.00 in out-of-pocket expenses.[10]  Plaintiff's counsel declares that his office incurred $210.00 in filing fees and $95.00 in process fees and provides supporting documentation.  Zemel Decl. ¶ 18, ECF No. 10-2; Pl.'s Aff. Time & Expense 5; Ex. A, ECF No. 10-5; Ex. B, ECF No. 10-6.  As plaintiff seeks reimbursement for standard litigation expenses and submits adequate documentation, I recommend approving the request for $305.00 in costs.

---

[10] Defendant does not dispute the cost portion of the application.

12

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's motion for attorney's fees and costs should be granted in part and denied in part. Plaintiff should be awarded costs in the amount of $305.00. Plaintiff should be awarded attorney's fees in the amount of $3,500, for a total of 14 hours of work performed by attorneys Zemel and Apostola at an hourly rate of $250.00.

## FILING OF OBJECTIONS TO THE REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140, 152 (1985).

SO ORDERED.

                                                      /S/
                                        LOIS BLOOM
                                        United States Magistrate Judge

Dated: September 24, 2020
       Brooklyn, New York