UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JACQUELYN SCHREIER,                              :
                                                 :
                Plaintiff,                :          **ORDER**
                                                 :          19-CV-4867 (WFK) (LB)
      v.                                         :
                                                 :
PROFESSIONAL CLAIMS BUREAU, INC.,                :
                                                 :
                Defendant.                :
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** Plaintiff Jacquelyn Schreier ("Plaintiff") brings this motion seeking attorney's fees and costs in the total amount of $9,735.00 from Professional Claims Bureau, Inc. ("Defendant"). Pl.'s Mot. for Attorney's Fees, Costs & Disbursements, ECF No. 10 ("Pl. Mot."); Pl.'s Reply in Further Supp. of Mot. at 9, ECF No. 15 ("Pl. Reply"). On September 24, 2020, the Honorable Magistrate Judge Lois Bloom issued a report and recommendation recommending the Court grant in part and deny in part the motion and award counsel $3,500.00 in attorney's fees and $305.00 in costs. Report and Recommendation at 13, ECF No. 18 ("R&R"). On October 8, 2020, Plaintiff filed an objection to the R&R. Obj. to the R&R, ECF No. 19 ("Pl. Obj."). On November 19, 2020, Defendant filed a response, Def.'s Resp. to Pl. Obj., ECF No. 22 ("Def. Resp."), and on December 10, 2020, Plaintiff filed a reply, ECF No. 24. For the following reasons, the Court adopts the recommendation of the R&R, granting in part and denying in part Plaintiff's motion and awarding counsel $3,500.00 in attorney's fees and $305.00 in costs.

## BACKGROUND

Plaintiff filed suit in Nassau County Supreme Court on August 15, 2019, seeking statutory and actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Compl., ECF No. 1-1. Plaintiff alleges Defendant sought to collect a debt on a medical bill never owed. *Id.* ¶¶ 6–12. Defendant removed the case to this Court on August 26, 2019. ECF No. 1. On February 11, 2020, Plaintiff filed her acceptance of Defendant's Rule 68 offer of judgement and the judgment was entered awarding Plaintiff "$1,500.00, plus costs accrued to this date and attorney fees in an amount to be decided by the Court." ECF No. 9.

On March 6, 2020, Plaintiff filed the current motion seeking $6,755.00 in attorney's fees and $305.00 in costs, representing twelve hours worked by Daniel Zemel at a rate of $350.00 per

1

hour and six hours worked by Elizabeth Apostola at a rate of $400 per hour.  Pl. Mot. at 6; Aff. of Time & Expense of Daniel Zemel, Esq. at 1–4, ECF No. 10-4; Pl.'s Mem. in Supp. of Mot. for Attorney's Fees & Costs at 6, ECF No. 10-1.  On April 7, 2020, Defendant filed a brief in opposition arguing Plaintiff should be awarded $305.00 in costs and $2,162.00 in fees, representing a rate of $230.00 per hour for 9.4 hours of work.  Def.'s Mem. of Law in Opp'n to Mot. at 5, ECF No. 13 ("Def. Opp.").  On April 28, 2020, Plaintiff filed a reply seeking an additional $2,675.00 in fees for time spend preparing the reply, seeking $9,735.00 total in fees and costs.  Pl. Reply at 9.

The Court referred the motion to Magistrate Judge Bloom for a report and recommendation, ECF No. 16, which she filed on September 24, 2020, ECF No. 18.  In the R&R, Magistrate Judge Bloom recommended the Court grant in part and deny in part the motion, awarding Plaintiff's counsel  $305.00 in costs and $3,500.00 in attorney's fees, which would represent an hourly rate of $250.00 per hour for fourteen hours of work.  R&R at 13.  Plaintiff filed an objection to the R&R, arguing the Court should award the full amount sought.  Pl. Obj. at 2–10.  Defendant filed a response in support of the R&R stating, "Magistrate Bloom awarded plaintiff's counsel an hourly rate supported by case law and reduced the number of hours awarded to plaintiff's counsel based upon her review of the filings before her."  Def. Resp. at 2.  On December 10, 2020 Plaintiff filed a reply.  ECF No. 24.

## DISCUSSION

### I.   Standard of Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties must serve and file any written objections to the proposed findings

and recommendations within fourteen days of being served with a copy of such proposed findings and recommendations. *Id.* A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Objections to a report and recommendation must be "specific and are to address only those portions of the proposed findings to which the party objects." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (Owen, J.) (internal quotation marks and citation omitted). "Where 'the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error.'" *Norman v. Metro. Transp. Auth.*, 13-CV-1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.) (quoting *Zaretsky v. Maxi-Aids, Inc.,* 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (Feuerstein, J.)).

### II. Analysis

Under 15 U.S.C. § 1692k(a)(3), the prevailing party in a FDCPA action may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." As Magistrate Judge Bloom explained in the R&R, the Second Circuit awards attorney's fees by calculating the presumptively reasonable fee. R&R at 3–4. Plaintiff objects to Magistrate Judge's Bloom recommendation this Court decrease Zemel's hourly rate by $100 per hour and Apostola's rate by $105 per hour and decrease the number of hours worked. Pl. Obj. at 2. Specifically, Plaintiff argues the number of hours expended was reasonable, *id.* at 3–5, the hourly rates were reasonable and Magistrate Judge Bloom did not provide adequate explanation for her recommendation to decrease the hourly rates, *id.* at 5–9, and the reduction of fees by almost 40% is too high, *id.* at 9–10.

3

The Court has conducted a *de novo* review of Plaintiff's application and finds the hourly rates of $350.00 for Zemel and $400.00 for Apostola for approximately 25.5 hours (12 hours worked by Zemel, 6 hours worked by Apostola, and 7.5 hours collectively worked on preparing Plaintiff's reply) is unreasonable under the circumstances of this case. As outlined by Magistrate Judge Bloom in the R&R, "reasonable fee ultimately boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." R&R at 3 (internal quotations omitted). The Court agrees with the characterization of factors that led to Magistrate Judge Bloom's recommendation to reduce Plaintiff's requested fees: (1) "[m]uch of Apostola's work was [ ] duplicative," *id.* at 5; (2) "a reasonable, paying client would not be willing to pay a second senior attorney to merely review Court filings and correspondence," *id.*; (3) "time spent collectively drafting and then reviewing the initial motion is excessive in light of the routine nature of the motion," *id.* at 7; (4) the proposed rates of $350.00 and $400.00 are excessive in light of the straightforward nature and resolution of the case," *id.* at 12; and (5) "time spent on plaintiff's reply was noted summarily in counsel's declarations but is not supported by contemporaneous time records," *id.* at 7.

Accordingly, the Court agrees with Magistrate Judge Bloom's recommendation to award Plaintiff a *de facto* rate of $250.00 per hour for fourteen hours and $305.00 in costs resulting in a total award of $3,805.00. R&R at 13.

## CONCLUSION

Upon a careful review of Magistrate Judge Bloom's R&R, ECF No. 18, and the objections and responses filed thereto, ECF Nos. 19, 22, 24, the Court adopts the recommendation of the R&R in all respects. Accordingly, Plaintiff's motion, ECF No. 10, is

4

GRANTED in part and DENIED in part, and Plaintiff's counsel is awarded a total payment of $3,805.00, representing $3,500.00 in attorney's fees and $305.00 in costs.

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 18, 2020
        Brooklyn, New York